UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN LEON KEHR,<br><br>Defendant. | CASE NO.:  10-cr-3619 L<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [ECF NO. 58] |

Pending before the Court is Defendant Justin Leon Kehr's Motion for Early Termination of Supervised Release. The Government filed a Response in Opposition and Defendant filed a Reply. The matter is submitted on the briefs without oral argument. *See* Civ. L. R. 7.1(d)(1).  For the reasons stated below, Defendants' motion for early termination of supervised release is denied.

## I.     Background

On January 10, 2011, the Court sentenced Defendant to 48 months' custody and 10 years' supervised release for violating 18 U.S.C. § 2252(a)(4)(B) (possession of images of minors engaged in sexually explicit conduct). [ECF No. 36.]

1 On February 25, 2014, Defendant was released from custody. [ECF No. 37.] Defendant did not report to the probation office within 72 hours of his release and did not register as a sex offender as required, resulting in the issuance of a no-bail bench warrant on May 13, 2014. [ECF Nos. 37, 38.] On June 23, 2014, Defendant appeared before this Court and was sentenced to three months' custody and 10 years supervised release, with the same terms and conditions as those imposed in 2011. [ECF Nos. 46, 47.] On December 29, 2014, Defendant was released from custody. [ECF No. 54.]

On January 14, 2016, Defendant was arrested for assault in Pennsylvania, where he was living with his parents, allegedly for punching his father in the face. [ECF No. 53.] His parents were granted a restraining order against Defendant. (*Id*.) At that time, Defendant was on county probation for a Pennsylvania state conviction for indecent assault of a minor person under 13 years old. [ECF Nos. 37, 53.] Defendant resolved the county probation violation, and probation arranged for him to be relocated to San Diego, California, to reside in an RRC and complete sex offender treatment while there. [ECF No. 54.]

On November 18, 2022, Defendant filed the present Motion for Early Termination of Supervised Release. [ECF No. 58.] On December 21, 2022, the Government filed a Response in Opposition ("Oppo.") [ECF No. 60.] On January 3, 2023, Defendant filed a Reply. [ECF No. 61.] On February 13, 2023, Defendant filed a letter from Defendant's father as a Supplemental Document. [ECF No. 62.]

## II. Legal Standard

"The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583 (e)(1). Factors to be considered under section 3553(a) include:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range
> (5) any pertinent policy statement--
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### III. Discussion

Defendant claims that his ability to pursue his education, as well as future employment, is impacted by his being on supervised release. Defendant argues that his academic success has been deterred by his limited use of websites that are assigned by his class instructors, and that he would have greater ability to access those websites if he were not on supervised release. (Mot. Dec. Alex Landon ¶ 11 [ECF No. 58-1.]) He further contends that his parents and family are on the east coast, and if he was not on supervised release he would have freedom to travel and see his family. (*Id*. ¶ 12.) (Id. at ¶13). Defendant states he is 49 years old, a student at UCSD, has completed sex offender treatment, has registered as a sex offender, and has been compliant with the Probation Department including paying for his monitoring software on his phone and computer. (*Id*. at ¶¶ 4, 5, 9, 10).

The Government and probation department oppose Defendant's request, contending that supervised release has benefitted Defendant by providing the

stability and accountability that he has needed throughout his adult life. (Oppo. at 3). For instance, in March 2021, Defendant completed the required sex offender treatment program at probation's instigation. [ECF No. 58, ¶ 5.] Probation has also demonstrated flexibility in response to Defendant's progress and needs, including granting permission for him to possess a smart cell phone with internet access, with remote monitoring, in December 2017. [ECF No. 55.] Defendant has also been allowed to access websites required for his classes. (Oppo. at 4). Although Defendant claims that early termination of supervised is necessary for him to visit his family, probation states that he has never requested permission to visit his parents in the five years he has been supervised in San Diego. (*Id.*)

Under section 3583(e), the Court first considers the nature and circumstances of Defendant's offense. Defendant was convicted of distribution of pornographic images of children under the age of 12, using a computer in the commission of the offense. [ECF No. 34.] In addition to the conduct at issue in the present case, Defendant had a Pennsylvania state conviction for indecent assault of persons under 13 years old. [ECF No. 37.] After completion of his initial custodial sentence, Defendant failed to register with the probation office or register as a sex offender. [ECF No. 37.] While on supervised release, Defendant violated both his federal supervised release and state probation, spending approximately 18 months in custody. Failure to remain in compliance with the terms of supervised release cautions against a grant of early termination of supervised release.

It is commendable that Defendant has pursued his education while on supervised release, including his Associates degree from San Diego Mesa College and now being enrolled at the University of California, San Diego ("UCSD"). [ECF No. 58, ¶¶ 4, 7.] Moreover, it appears that the probation department has been flexible when requested to allow Defendant to obtain a cell phone and access to education-related websites, including the application

"Discord" for classes. (Reply at 2). Though Defendant's current probation officer did not timely respond to his latest request for Discord access, this does not constitute a sufficient reason to terminate supervised release. Because probation has not denied Defendant access to educationally required websites, supervised release is not limiting Defendant's ability to pursue educational opportunities.

In addition, there is no support for the conclusion that probation will not allow Defendant to visit his family. The Government notes that in the five years of supervised release, Defendant has never request permission to visit his parents, and that "probation routinely agrees to permit travel for family visits for individuals who request it." (Oppo. at 4). It also appears that there are no legal or personal barriers preventing Defendant from visiting his parents, as indicated in his father's letter in support. (Supp. Doc. at 2 [ECF No. 62-1.]) While the Court recognizes that conditions of supervised release impose restrictions on travel, Defendant has not shown that he has been denied permission from probation to travel.

Accordingly, Defendant has failed to demonstrate that the §3553 factors weigh in favor of granting early termination of supervised release, and instead, it appears that supervised release is achieving its purpose to ensure that he has a smooth transition from incarceration to being a productive member of society.

### IV.   Conclusion and Order

For the foregoing reasons, the Court DENIES Defendant's motion for early termination of supervised release.

**IT IS SO ORDERED.**

Dated:  April 7, 2023

Hon. M. James Lorenz
United States District Judge